UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:14-cr-00508-SVW-3 | Date | February 24, 2015 |

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
| Interpreter | |

| Paul M. Cruz | N/A | N/A |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Claudia Araceli Bastidas | | X | | N/A | | | |

**Proceedings:**   IN CHAMBERS ORDER: DENYING DEFENDANT'S MOTION FOR ACQUITTAL [91]

From January 13 to 15, 2015, the government tried Claudia Araceli Bastidas for conspiracy to distribute methamphetamine as well as possession with the intent to distribute methamphetamine. The jury convicted Bastidas for possession but acquitted her of the conspiracy charge. Bastidas then moved for acquittal under Federal Rule of Criminal Procedure 29, contending that there was insufficient evidence of her *mens rea*.[1]

The government's brief accurately identifies several facts that could have led the jury to conclude that Bastidas knew of the drugs and intended to distribute them. Indeed, Bastidas's admissions — after her arrest and during trial — permitted the jury to infer that she formed the requisite knowledge and intent after placing the drugs in her purse and exiting the confidential source's car. Moreover, the undisputed evidence shows that she became aware her husband was conducting a drug transaction *before* she placed the container of methamphetamine in her purse and carried it back to the car she arrived in. There also is more than enough other evidence that she gained the *mens rea* earlier: the jury could infer knowledge and intent from the government's translation of the phone calls as well as Bastidas's willingness to pull out a suspicious saran-wrapped plastic container and carry it in her purse to her husband. (To the extent Bastidas claims that the jury's acquittal on the conspiracy charge disproves this evidence,

---

[1] The Court presumes the parties' familiarity with the evidence presented at trial as well as the arguments made in the motion. The Court therefore declines to recite them here.

| | : | |
|---|---|---|
| | Initials of Deputy Clerk | PMC |

cc: USM
    PSA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

she makes an unavailing inconsistent verdicts argument, as discussed *infra*.)  Although Bastidas cobbles together one version of the facts where her client may not have been guilty, her narrative rests on certain assumptions about what the jury believed and disbelieved.  The jury, however, was under no compulsion to construe the evidence that way.  Since at least one fair interpretation of the evidence supports the verdict, Bastidas's motion must fail.  *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) ("[A] reviewing court may not ask whether a finder of fact could have construed the evidence produced at trial to support acquittal."); *United States v. Hinton*, 222 F.3d 664, 669 (9th Cir. 2000) (en banc) ("There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offenses charged beyond a reasonable doubt.").

      Moreover, it appears that Bastidas premises her theory of relief on allegedly inconsistent verdicts.  That is, although she framed her motion as an insufficient evidence claim, her construction of the evidence rests on purported implications stemming from the acquittal on her conspiracy charge.  Under well settled law, however, Bastidas's claim fails to the extent it rests on her contention that the verdicts are inconsistent.  *See, e.g.*, *Dunn v. United States*, 284 U.S. 390, 393-94 (1932); *United States v. Powell*, 469 U.S. 57, 66-67 (1984); *United States v. McCall*, 592 F.2d 1066, 1068 (9th Cir. 1979).

      Therefore, the Court DENIES Bastidas's motion for acquittal under Federal Rule of Criminal Procedure 29.

|  | : |
|---|---|
| Initials of Deputy Clerk | PMC |

cc: USM
    PSA